IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL BROWN, et al., :
    Plaintiffs, :
:
vs. : CIVIL ACTION 10-0709-KD-M
:
CITIMORTGAGE, INC., :
:
    Defendant. :

## REPORT AND RECOMMENDATION

The Plaintiffs' Motion to Remand (Docs. 8) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Diversity jurisdiction has been invoked in this Court under 28 U.S.C. § 1332. After consideration, it is recommended that Plaintiffs' Motion to Remand (Doc. 8) be denied.

The facts are, briefly, as follow. Plaintiffs Michael and Rosemarie Brown ("Plaintiffs") filed a Complaint in state court demanding "judgment against Citi for a preliminary **and permanent injunction** against the foreclosure" of their' property along with compensatory and punitive damages (Doc. 1-2, p. 10)(emphasis added). However, the Complaint specifies no particular amount of damages sought (Doc. 1-2). Defendant Citimortgage, Inc. ("Defendant") removed the action to Federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332

and that this action is removable pursuant to 28 U.S.C. § 1446 (Doc. 1). Specifically, Defendant sets forth that the parties are diverse and the amount in controversy requirement has been met given the subject property's fair market value at $144,800 (Doc. 1, pp. 3-4 and Ex. B, Doc. 1-3). Plaintiffs filed a Motion to Remand arguing that the Court had no subject matter jurisdiction since the Defendant "failed to establish that the amount in controversy meets the $75,000 threshold" (Doc. 9, p. 3). According to the Plaintiffs, the amount for Plaintiffs' claim should be the value in relation to a "specific time period – the conclusion of this litigation." (Doc. 9, p. 5). Defendant's Response points out that Plaintiffs do not seek a limited time period for an injunction, but explicitly seek a permanent injunction against foreclosure (Doc. 15, p. 2). Also, Defendant's offer that using the fair market value of the house is appropriate to determine the amount in controversy (Doc. 15, pp. 6-10). Plaintiffs filed a Reply wherein they argue that this action should have the same outcome as that of *Max Leroy Reed v. Chase Home Finance, LLC*, Case No. 10-0606-WS-M, which was a Southern District of Alabama action where the motion to remand was granted on similar facts (Doc. 16, p. 3, n. 1). Plaintiffs do not argue that the fair market value of their property is incorrect (*see* Doc. 16). Defendant filed its Surreply emphasizing that the Court must determine whether

removal was proper at the time of removal, and must not look at Plaintiffs' *post hoc* clarifications in their Motion to Remand and related pleadings (Doc. 19).

In a removal action, the party asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008)("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.")(citation omitted). In a removal action, that burden is upon the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that the district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b). There is no dispute that the parties are diverse. What is disputed is whether the matter

3

in controversy exceeds $75,000.

The existence of federal jurisdiction is tested "at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1215 (11th Cir. 2008)(citation omitted). The district court must look to the complaint "at the time of removal to determine whether it has subject-matter jurisdiction." *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243, n. 2 (11th Cir. 2007). "If a district court cannot determine the amount of controversy from the face of the complaint, it should consider the allegations in the notice of removal and any summary judgment type evidence that the amount in controversy exceeds $75,000.00." *Spottswood v. Stewart Title Guar. Co.*, 2010 WL 1539993, *3, n. 7 (S.D. Ala. Apr. 16, 2010)(citation omitted).

Plaintiffs cite to *Carstarphen v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 1537861 (D.S. Ala. June 1, 2009) and *Max Leroy Reed v. Chase Home Finance, LLC*, Case No. 10-0606-WS-M to support their Motion to Remand (Doc. 9, pp. 5-6; Doc. 16, p. 3, n. 1). However, the poignant difference between *Carstarphen* and this action is that the plaintiff in *Carstarphen* specifically requested a "short-lived delay of any foreclosure proceedings." 2009 WL 1537861 at *5. Also, the *Carstarphen* court stated that "*post hoc* clarifying amendment of the pleadings ... is improper and cannot be weighed in assessing subject matter jurisdiction

4

in a removed case, which assessment depends on the pleadings at the time of removal." *Id*. at *4. In *Max Leroy Reed,* the plaintiff specifically did not ask for a permanent injunction as noted by the Court in the Order. Case No. 10-0606-WS-M, Order, Doc. 14, p. 6. ("As noted, the only injunctive relief requested was to stop 'the scheduled foreclosure,' not to enjoin all foreclosure action permanently."). The Plaintiffs in this action clearly request a "permanent injunction" and do not indicate or request any limitation thereof in the Complaint (Doc. 1-2, p. 10). Additionally, the use of the word permanent indicates an unending period of time, rather than a short timeframe. Plaintiffs first mention their desire to limit the requested injunctive relief in their Memorandum ... (Doc. 9). Thus, Plaintiffs' *post hoc* argument limiting the injunctive relief to a specific time span is rejected.

The Court must also look at whether using the real market value is appropriate to determine the amount in controversy requirement as offered by the Defendant. When injunctive relief is sought, "'it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). "The cases upon

which the *Ericsson* court relied emphasized that the relevant 'value' is the value of the right that the plaintiff is seeking to enforce." *Mapp v. Deutsche Bank National Trust Company, et al.*, 2009 WL 3664118, *2 (M.D. Ala. Oct. 28, 2009). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). "In the Eleventh Circuit, the value of the object of the litigation is measured solely from the plaintiff's perspective; the value to the defendant is irrelevant." *Mapp,* 2009 WL 3664118 at *2.

In *Mapp v. Deutsche Bank National Trust Company, et al.*, the court specifically discussed how to calculate the amount in controversy when a plaintiff requests unspecified damages, as well as "injunctive relief preventing foreclosure." 2009 WL 3664118, *1 (M.D. Ala. Oct. 28, 2009)(citations omitted). As the *Mapp* court explains, federal courts in Alabama have taken at least "four approaches to establish the amount in controversy in claims involving wrongful foreclosures: either (1) the value of the property; (2) the amount of the mortgage ( i.e., the balance due on the promissory note secured by the mortgage); (3) the value of a temporary delay of a foreclosure; or (4) a plaintiff's equity in the real estate subject to the foreclosure." *Id.* at *1. Generally at a foreclosure sale "the

6

property is sold to the highest bidder for cash[]" and "[t]he sale price is closely tied to fair market value [.]" *Id.* at *3. "In sum, it is the value of the property that feeds the foreclosure formula." *Id.* Since "the enjoinder of a foreclosure sale prohibits a transaction involving the whole value of the property[]", then "[t]he most appropriate way to measure the value of the rights at stake when a foreclosure is at issue is the value of the property itself." *Id.* (citations and quotations omitted). The *Mapp* court determined that the best way to measure the benefits flowing to the plaintiff was the value of the home itself, and looked to the complaint, the removal documents, the note and mortgage at issue to determine if the jurisdictional amount was satisfied. *Id.* at *4.[1]

This Court finds the *Mapp* court's analysis and application instructive. The benefit flowing to the Plaintiffs of a

---

[1] The *Mapp* court noted that there is a disagreement within this district on how to measure the object of an action when foreclosure is at issue. *Id.* at *5. Thus, the court stated as follows:

> the court finds that this "order involves a controlling question of law as to which there is a substantial ground for difference of opinion" on how to view the amount in controversy. § 1292(b). The court further finds that "an immediate appeal from th[is] order may materially advance the ultimate termination of the litigation[.]" *Id*. The court, therefore, finds that Mapp's motion for certification is due to be granted.

*Id*. at *5. However, the case action history indicates that no appeal was taken from the order in *Mapp*.

7

permanent injunction on foreclosure of their property would be a halt of the sale of the property worth a certain amount of money.  The Notice of Removal included a copy of the Notice of Ad Valorem Taxes and Non-Ad Valorem Assessment which shows that the fair market value was $144,800 for the tax year of 2010 (Doc. 1-3).  Therefore, at the time of removal, the value price of the Plaintiff's property at $144,800 satisfies the amount in controversy minimum for the Court to have subject matter jurisdiction over this action.

In summary, for the reasons set out above, the Court finds that Defendant has established proof of the jurisdictional amount by a preponderance of the evidence.  Therefore, it is recommended that Plaintiffs' Motion to Remand (Doc. 8) be denied.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a
magistrate judge in a dispositive matter, that is, a matter
excepted by 28 U.S.C. § 636(b)(1)(A), by filing a
"Statement of Objection to Magistrate Judge's
Recommendation" within fourteen days after being served
with a copy of the recommendation, unless a different time
is established by order.  The statement of objection shall
specify those portions of the recommendation to which
objection is made and the basis for the objection.  The
objection party shall submit to the district judge, at the
time of filing the objection, a brief setting forth the
party's arguments that the magistrate judge's
recommendation should be reviewed *de novo* and a different
disposition made.  It is insufficient to submit only a copy
of the original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted or
referred to and incorporated into the brief in support of
the objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded).**
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 4th day of March, 2011.

                                s/BERT. W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE

9