# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, *et al.*, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    CIVIL ACTION 10-00709-KD-M |
| | ) |
| CITIMORTGAGE, INC., | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the Defendant's Motion to Compel Arbitration (Doc. 3) and Motion to Stay Pretrial Deadlines Pending Ruling on Motion to Compel Arbitration (Doc. 4), the Plaintiff's response (Doc. 23) and the Defendant's Reply (Doc. 22).

**I.**    **Background**

On November 23, 2010, the Plaintiffs initiated this litigation against the Defendant in the Circuit Court of Mobile County, Alabama, by filing a complaint for wrongful foreclosure and petition for injunctive relief, asserting claims for injunctive relief, wrongful foreclosure, negligence, wantonness, breach of mortgage agreement and defamation. (Doc. 1-2 at 6-18). On December 21, 2010, the Defendant removed this case to this Court on the basis of federal diversity jurisdiction and simultaneously moved to compel arbitration and stay the pretrial deadlines (Docs. 1, 3, 4). The Court ordered the Plaintiffs to file a response to the motions by January 5, 2011. (Doc. 7). On January 4, 2011, the Plaintiffs moved for an extension of time within which to file their response. (Doc. 10). The Court granted the Plaintiffs' motion, ordering a response to be filed by March 1, 2011. (Doc. 14). On March 1, 2011, no response was filed by Plaintiffs. However, a motion to remand was also pending. On March 4, 2011, a Report and Recommendation was issued regarding the pending motion to remand, recommending denial of same, which this Court adopted on March 23, 2011.

(Docs. 20, 21). On March 28, 2011, Plaintiffs filed their response to the motion to compel arbitration and the Defendant filed a reply. (Docs. 22, 23).

## II. Analysis

### A. Applicable Law

The Federal Arbitration Act ("FAA"), 9 U.S.C.A. § 1 *et seq.*, expresses the strong national preference for arbitration of disputes, and must be enforced whenever possible. See, e.g., Musnick v. King Motor Co. of Ft. Lauderdale, 325 F.3d 1255, 1258 (11th Cir. 2003) (citing Green Tree-Financial Corp. of Ala. v. Randolph, 531 U.S. 79 (2000)). As a matter of federal law, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). The FAA was designed to "overrule the judiciary's longstanding refusal to enforce agreements to arbitrate" and to put the agreements "upon the same footing as contracts." Volt Info Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 474 (1989). The Act states that a "written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Generally, the FAA's preference for arbitration preempts state laws which would otherwise render arbitration agreements unenforceable. See, e.g., Volt, 489 U.S. at 473. However, even though there is a preference for arbitration, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999) (citation omitted). Thus, as a general rule, "the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." Id. (citing to Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473

2

U.S. 614, 626 (1985)).

Further, the FAA provides that "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. If a lawsuit in federal court has been brought "upon any issue referable to arbitration under an agreement in writing for such arbitration, the court … shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…" 9 U.S.C. § 3.

### B. Defendant's Motion to Compel and Motion to Stay

Defendant seeks to compel arbitration and stay the pretrial proceedings in this case. As grounds, the Defendant relies upon the March 25, 2002 mortgage loan from Travelers Bank & Trust, FSB, which the Plaintiffs executed, and which contains an Arbitration Agreement. (Doc. 3-1 at 2 (Aff. Guffey); Doc. 3-1 at 8-9 (Notice of Arbitration Provision)). This loan was subsequently transferred to the Defendant. (Doc. 1-2 at 7; Doc. 3-1 at 2 (Aff. Guffey at ¶5-6); Doc. 3 at 2).

The record reveals that the parties executed a written Arbitration Agreement in conjunction with the March 25, 2002 mortgage loan. Additionally, the parties expressly agreed that the funding for the credit transaction "will come in whole or in part from sources outside this state, which will constitute interstate commerce within the meaning" of the Arbitration Act (9 U.S.C. §1-9). Moreover, the Arbitration Agreement requires arbitration of any "claim" – defined as "any case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereafter existing between You and US." The Plaintiffs' claims against the Defendant relate to the parties' responsibilities and obligations under the mortgage loan (*e.g.*, Plaintiffs allege that the Defendant wrongfully failed to apply payments they made, that the Defendant has been negligent in servicing the mortgage, etc.),

and thus is encompassed by the Arbitration Agreement. Further, while untimely, Plaintiffs' response reveals that the Plaintiffs reviewed the arbitration agreement -- which they agree that they signed -- and "have decided against contesting the arbitration agreement" and "will not contest" the Defendant's motion to compel. (Doc. 23). Thus, the Court finds that the executed Arbitration Agreement evidences a transaction involving interstate commerce such that the FAA is applicable, and notably, that there appears to be no dispute as to the making of the Arbitration Agreement insofar as Plaintiffs do not contest compelling arbitration in this case.

### III. Conclusion

In light of the foregoing, it is **ORDERED** that the Defendant's *unopposed* Motion to Compel and Motion to Stay (Doc. 3, Doc. 4) are **GRANTED.** Accordingly, the parties are **ORDERED** to proceed with arbitration in accordance with the terms of their Arbitration Agreement. It is further **ORDERED** that this action is **STAYED** pending resolution of the arbitration proceedings. The Clerk of this Court is **DIRECTED** to close this file for statistical purposes.

**DONE** and **ORDERED** this the **5th** day of **April 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**